UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SERELL BUTTS #360595,

   Plaintiff,

                 File No. 2:11-CV-330

v.

                 HON. ROBERT HOLMES BELL

PAUL EYKE, et al.,

   Defendants.
              /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

   On March 30, 2012, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Plaintiff's motions for immediate consideration, preliminary injunction, and physical and mental examinations (Dkt. Nos. 29, 30, 41, Mots.) be denied. (Dkt. No. 50, R&R.) The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so has expired. However, within the time period for filing objections, Plaintiff filed a petition for writ of mandamus which, like the R&R, address Plaintiff's request for an order requiring Defendants to comply with Michigan Department of Corrections' policies for suicide prevention. (Dkt. No. 54). The Court will construe Plaintiff's petition for writ of mandamus as objections to the R&R.

   This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff contends that because he has been diagnosed with "anti-social personality disorder", and because he has attempted suicide on multiple occasions, Defendants should be required to transfer him to an "in-patient unit" or a "crisis stabilization program unit" pursuant to MDOC Policy Directive 04.06.115 ¶ JJ.

The Magistrate Judge recommended that Plaintiff's motion for preliminary injunction be denied because Plaintiff failed to establish either a substantial likelihood of success on the merits or irreparable harm. On *de novo* review, the Court agrees with this assessment. A difference in opinion between a prisoner and the medical staff about treatment does not state an Eighth Amendment constitutional claim of deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *see also Stanton v. Holland*, 194 F.3d 1314 (6th Cir. 1999) ("[A] difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir.1976)).

2

Plaintiff has not alleged that he was denied mental health treatment. He acknowledges that he was seen by the facility nurse or taken to a hospital each time he injured himself. Plaintiff's dispute merely concerns the prison's failure to transfer him to a specific unit for treatment. Plaintiff has not shown a substantial likelihood that his dispute over his diagnosis or treatment rises to the level of an Eighth Amendment deprivation. Moreover, he has failed to establish irreparable harm in the absence of injunctive relief because Defendants are already obligated to comply with the policy directive Plaintiff seeks to have enforced.

Plaintiff has not met his burden of proving that circumstances clearly demand the extraordinary remedy of a preliminary injunction. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's petition for writ of mandamus (Dkt. No. 54), which this Court has construed as an objection to the R&R, is **OVERRULED**.

**IT IS FURTHER ORDERED** that the March 30, 2012, R&R (Dkt. No. 50) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions for immediate consideration, preliminary injunction, and physical and mental examinations (Dkt. Nos. 29, 30, 41) are **DENIED**.

Dated: May 7, 2012                              /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE