UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SERELL BUTTS,

    Plaintiff,

v.                                              Case No. 2:11-cv-330
                                              HON. ROBERT HOLMES BELL
PAUL EYKE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Serell Butts filed this 42 U.S.C. § 1983 civil rights complaint against defendants Psychologist Paul Eyke, Psychologist Senta Rose, RN Danielle S. Carlson, Psychologist Fred Pascoe, Psychologist M. Mickalonis, Case Worker Kristi Kangas, Psychologist Tonia M. Wolak, and Case Worker A. Lanala. Plaintiff complains that defendants failed to properly diagnose him with a mental health problem and failed to provide him proper mental health treatment. Plaintiff asserts that he has a problem masturbating in front of female guards and has received 36 sexual misconduct tickets. Plaintiff asserts that he cut his left vein with a razor in 2006, and overdosed on "non-aspirin" on other unknown dates. Plaintiff asserts that he tried to hang himself on April 22, 2011, from the prison cell water pipe. Plaintiff complains that he went on a hunger strike for four days and urinated on himself daily. Plaintiff states that on August 28, 2011, he informed defendant Kangas of his desire to end his life.

Plaintiff argues that defendants failed to properly diagnose his mental illness for his masturbation problem and that defendants failed to diagnose his mental illness problem for his suicide attempts. Plaintiff requests injunctive relief and $160,000 in damages.

Defendants move for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that any claims plaintiff is asserting that arose prior to November 7, 2008, are time barred by the three year statute of limitations period since plaintiff signed his complaint on November 7, 2011. The court must apply the appropriate statute of limitations for § 1983 actions from the law of the state where the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). Michigan's three-year statute of limitations for personal injury claims applies in this case. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988); MICH. COMP. LAWS § 600.5805(8). State tolling provisions must be applied to § 1983 suits brought by prisoners, *Hardin*, 490 U.S. at 544; *Jones v. City of Hamtrack*, 905 F.2d 908, 909 (6th Cir. 1990), *cert. denied*, 498 U.S. 903 (1990). Accordingly, it is recommended that any claim that plaintiff might be asserting that arose outside the three year limitation period should be denied. Nevertheless, plaintiff is free to use that conduct as evidentiary support or background for his claims that are inside the statute of limitations period.

Defendants Wolak, Mickalonis, Kangas and Pascoe argue that plaintiff failed to exhaust his administrative grievances against them. Plaintiff filed a grievance against defendants Michalonis and Pascoe through Step III. Plaintiff's grievance was rejected on the merits at Step I and Step II and at Step III the grievance was rejected as untimely filed at Step I. Plaintiff appears to have never filed a grievance against defendant Kangas and never completed exhausting his grievance against defendant Wolak until after this complaint was filed. Plaintiff has filed a motion to amend his complaint to show that he has now exhausted his grievances against defendant Wolak.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532

(2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

In the opinion of the undersigned, plaintiff failed to exhaust his grievance remedies against defendants Kangas and Wolak prior to filing this action. Therefore, defendants Kangas and Wolak should be dismissed from this action without prejudice. However, it appears that plaintiff did exhaust his grievances against defendants Mickalonis and Pascoe.

Plaintiff has asserted that his Eighth Amendment rights were violated by defendants because of their failure to treat him for his mental illness. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir.

2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. April 26, 1985).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that

> a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Defendants argue that plaintiff is merely disagreeing with his course of medical and mental health treatment, and a simple disagreement with the course of treatment cannot support an

Eighth Amendment action. Plaintiff received a Comprehensive Psychiatric Assessment by Dr. K. Patel on October 31, 2008. Dr. Patel found that plaintiff did not suffer with a mental disorder and that plaintiff did not require mental health treatment. Plaintiff has twice been evaluated by a psychiatrist not employed by the MDOC who did not recommend that plaintiff be provided a higher level of treatment.

Plaintiff has alleged that his frequent masturbation is a mental disorder that defendants failed to treat. Defendant Eyke indicates that plaintiff was seen numerous times to discuss his frequent masturbation problem. Plaintiff refused to accept responsibility for his actions according to defendant Eyke and indicated that the MDOC was to blame for the behavior. Plaintiff was offered assistance to stop his behavior, but refused to take any steps to change. Defendant Eyke did inform plaintiff that he could control his own behavior and that there were no indications that plaintiff suffered with a mental disorder. Defendant Pascoe indicates that he has no record of plaintiff complaining to him about a chronic masturbation problem. Plaintiff did claim, on one occasion, that he felt entitled to engage in that behavior because he was unfairly placed in prison and therefore should be able to do whatever he wanted to do. Defendant Pascoe indicates that plaintiff's principle complaint was depression which is common for individuals with an antisocial personality disorder.

Defendants were aware of plaintiff's suicidal behavior. Plaintiff was placed on a management plan for his protection. When plaintiff expressed a desire to harm himself, he was moved to an observation cell. Defendants maintain that plaintiff is attempting to manipulate the staff to secure psychotropic medication. Plaintiff was assessed multiple times: by a psychiatrist independent from the MDOC, by facility-level providers, the Regional Director of Psychological Services, and the Unit Chief for Psychological Services. The conclusion every time was that plaintiff

did not have a mental health disorder that required a referral for additional services. Plaintiff has an antisocial personality disorder and sometimes experiences depression. In the opinion of the undersigned, the record establishes that defendants did not act with deliberate indifference to plaintiff's complaints of excessive masturbation and suicidal acts. Plaintiff merely disagrees with the course of treatment and his mental health assessment. Defendants should be granted summary judgment.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard

to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.[1]

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's Motion for Summary Judgment. Accordingly, it is recommended that Defendants' Motion Summary Judgment (Docket #18) be granted dismissing Defendants Kangas and Wolak without prejudice for failure to exhaust grievance remedies against them and all the remaining Defendants with prejudice. It is further recommended that Plaintiff's motion for leave to amend his complaint (Docket #56) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 22, 2012

---

[1] Defendants maintain that this court lacks jurisdiction over this case under the Eleventh Amendment. The Eleventh Amendment bars litigants from suing a state in federal court. When a suit for damages is brought against a state official in his official capacity, the case is one against the state and is barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21 (1991). Such a suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 25 (quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 690, n.55 (1978)). *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As a result, the suit is no different from one naming the state itself. *Hafer*, 502 U.S. at 26 (*quoting Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, it is recommended that plaintiff's claims for monetary damages against defendants in their official capacities be dismissed.